```
               IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| CORLIE REDDICK,<br><br>            Plaintiff,<br><br>     v.<br><br>DR. JEFFREY POMERANTZ et al.,<br><br>            Defendants. | HONORABLE JEROME B. SIMANDLE<br><br>     Civil Action<br>No. 13-7875 (JBS-JS)<br><br>**OPINION** |

APPEARANCES:

Corlie Reddick, Plaintiff Pro Se
#98577A/830546
Southern State Correctional Facility
4295 Route 47
P.O. Box 150
Delmont, NJ 08314

**SIMANDLE, Chief Judge:**

**I.   INTRODUCTION**

Before the Court is Plaintiff Corlie Reddick's ("Plaintiff"), submission of a civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff is a convicted and sentenced state prisoner currently confined at Southern State Correctional Facility ("SSCF"), Delmont, New Jersey. By Order dated May 4, 2015, this Court granted Plaintiff's application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a) and ordered the Clerk to file the Complaint. (Docket Entry 2). At this time, the Court must review the complaint, pursuant to 28 U.S.C. §§

1915(e)(2) and 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.  For the reasons set forth below, the Court concludes that the complaint will be dismissed for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

## I. BACKGROUND

Plaintiff brings this civil rights action against Defendants Administrator C. Ray Hughes, Dr. Jeffrey Pomerantz, and SSCF.  The following factual allegations are taken from the complaint and are accepted for purposes of this screening only. The Court has made no findings as to the veracity of Plaintiff's allegations.

Plaintiff states that on September 2, 2013, he fell in the SSCF shower. (Docket Entry 1 at 5). Two days later, he told Dr. Pomerantz that his back and neck hurt and requested a back-brace. (Docket Entry 1 at 5). Dr. Pomerantz replied that he did not "believe in 'back braces'" and gave Plaintiff Motrin for his pain. (Docket Entry 1 at 5-6). Plaintiff also informed Doctor Pomerantz that his mattress was ripped, and was told to contact housekeeping. (Docket Entry 1 at 6). Instead of contacting housekeeping, however, Plaintiff contacted medical staff and the Department of Corrections' Ombudsman. Each department indicated

that a new mattress was not a medical issue and denied Plaintiff's request. (Docket Entry 1 at 6).

Plaintiff thereafter wrote to Defendant Hughes regarding his request for a new mattress, who responded that Plaintiff had to go through medical. (Docket Entry 1 at 6). Plaintiff appealed that determination. Defendant Hughes indicated in his response that he had consulted with Dr. Pomerantz, and that Dr. Pomerantz said there was no medical reason for Plaintiff to have a new mattress. (Docket Entry 1 at 6).

Plaintiff saw Dr. Pomerantz again in November 2013. (Docket Entry 1 at 6). Dr. Pomerantz informed Plaintiff that he could not order a new mattress for Plaintiff and that he would stop Plaintiff's Motrin and give him something else. (Docket Entry 1 at 6). It is unclear whether the Motrin was ultimately stopped, however Plaintiff indicates he did not receive any new medication. (Docket Entry 1 at 6).

Plaintiff asserts SSCF, Dr. Pomerantz, and Defendant Hughes have violated the Eighth Amendment's prohibition on cruel and unusual punishment by failing to give him the right treatment, namely an x-ray, MRI, and new mattress for his back and neck pain. (Docket Entry 1 ¶ 7). He asks this Court to order Defendants to take an updated MRI of his back and neck. (Docket Entry 1 ¶ 7).

**II. DISCUSSION**

**A. Standards for a Sua Sponte Dismissal**

Per the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding in forma pauperis, see 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, *see* 42 U.S.C. § 1997e.  The PLRA directs district courts to sua sponte dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  This action is subject to sua sponte screening for dismissal under 28 U.S.C. §§ 1915(e)(2)(b) and 1915A because Plaintiff is a prisoner proceeding in forma pauperis and is seeking redress from a government offical.

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007) (following *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also United States v. Day*, 969 F.2d 39, 42 (3d Cir. 1992).

According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a

formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To survive sua sponte screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678). Moreover, while pro se pleadings are liberally construed, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

**B. Section 1983 Actions**

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an

>     action at law, suit in equity, or other proper proceeding
>     for redress ....

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011); *Piecknick v. Pennsylvania*, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

**III. ANALYSIS**

Plaintiff names the SSCF as a defendant. The SSCF, however, must be dismissed from this action because a jail is not a "person" amenable to suit under § 1983. *See, e.g.*, *Grabow v. Southern State Corr. Facility*, 726 F. Supp. 537, 538-39 (D.N.J. 1989) (correctional facility is not a "person" under § 1983). Accordingly, this Court will dismiss with prejudice all claims asserted against SSCF.

**A.   Denial of Adequate Medical Care**

Plaintiff's complaint alleges Dr. Pomerantz provided Plaintiff with inadequate medical care, thereby violating the Eighth Amendment. The Eighth Amendment proscription against cruel and unusual punishment requires that prison officials provide inmates with adequate medical care for serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 103-04 (1976). In order

6

to set forth a cognizable claim for a violation of his right to adequate medical care, an inmate must allege: (1) a serious medical need; and (2) behavior on the part of prison officials that constitutes deliberate indifference to that need. *Id.* at 106.

To satisfy the first prong of the *Estelle* inquiry, the inmate must demonstrate that his medical needs are serious. "Because society does not expect that prisoners will have unqualified access to health care, deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are 'serious.'" *Hudson v. McMillian*, 503 U.S. 1, 9 (1992).

The second element of the *Estelle* test requires an inmate show that prison officials acted with deliberate indifference to his serious medical need. "The hallmark of an Eighth Amendment violation arises when such medical treatment, or the withholding of medical treatment, is accompanied by knowing indifference to the pain or risk of serious injury this will cause, such as by 'persistent conduct in the face of resultant pain and risk of permanent injury.'" *Andrews v. Camden Cnty.*, 95 F. Supp. 2d 217, 228 (D.N.J. 2000) (quoting *White v. Napoleon*, 897 F.2d 103, 109 (3d Cir. 1990)).

Deliberate indifference may be found where the prison official (1) knows of a prisoner's need for medical treatment

7

but intentionally refuses to provide it; (2) intentionally delays necessary medical treatment based on a non-medical reason; or (3) deliberately prevents a prisoner from receiving needed medical treatment. *See Pierce v. Pitkins*, 520 F. App'x 64, 66 (3d Cir. 2013) (citing *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999)). "However, '[w]here a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law.'" *DeJesus v. Corr. Med. Servs., Inc.*, 574 F. App'x 66, 68-69 (3d Cir. 2014) (alterations in original) (quoting *United States ex rel. Walker v. Fayette Cnty.*, 599 F.2d 573, 575 n.2 (3d Cir. 1979)) "[A] prisoner's subjective dissatisfaction with his medical care does not in itself indicate deliberate indifference." *Andrews*, 95 F. Supp. 2d at 228 (citing *Peterson v. Davis*, 551 F. Supp. 137, 145 (D. Md. 1982), aff'd, 729 F.2d 1453 (4th Cir. 1984)). Similarly, "mere disagreements over medical judgment do not state Eighth Amendment claims." *White*, 897 F.2d at 110.

At its core, Plaintiff's complaint amounts to a disagreement with Dr. Pomerantz's decisions. Plaintiff asserts he was in need of a back brace, an x-ray, MRI, a new mattress, and pain medication other than Motrin but provides no indication that a back brace, MRI, or x-ray were *medically necessary* in

8

order to treat his injury. Plaintiff was provided pain medication, and although the complaint indicates Dr. Pomerantz was considering changing the medication, the complaint is silent as to whether the Motrin was actually stopped or if Plaintiff continued to receive it. Plaintiff may have a negligence claim. A claim for medical negligence does not rise to the level of an Eighth Amendment deprivation of the right to be free from cruel and unusual punishment. The Supreme Court has clearly stated: "Deliberate indifference describes a state of mind more blameworthy than negligence." *Farmer v. Brennan*, 511 U.S. 825, 835 (1978); *see also White*, 897 F.2d at 110; *Andrews*, 95 F. Supp. 2d at 228; *Peterson*, 551 F. Supp. at 145.[1]

As Plaintiff has failed to plead sufficient facts warranting an inference of deliberate indifference, the Eighth Amendment claim must be dismissed. Plaintiff may, however, be able to set forth facts that would permit this claim to go forward. He shall therefore have an opportunity to submit a motion seeing leave to amend his complaint, within Thirty (30) days hereof.

---

[1] To the extent the complaint attempts to raise state law claims of negligence and medical malpractice, the Court declines to exercise supplemental jurisdiction over them as the federal claims must be dismissed. 28 U.S.C. § 1327(c)(3).

**B.    Defendant Hughes**

Plaintiff states Warden Hughes is liable for failing to provide Plaintiff with a new mattress. (Docket Entry 1 ¶ 4(b)).

"Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). State actors are liable only for their own unconstitutional conduct. *Bistrian v. Levi*, 696 F.3d 352, 366 (3d Cir. 2012). The Third Circuit has identified two general ways in which a supervisor-defendant may be liable for unconstitutional acts undertaken by subordinates: (1) "liability may attach if they, with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused [the] constitutional harm"; or (2) "a supervisor may be personally liable under § 1983 if he or she participated in violating the plaintiffs rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in the subordinate's unconstitutional conduct." *Barkes v. First Corr. Med., Inc.*, 766 F.3d 307, 316 (3d Cir. 2014) (internal citations omitted), *rev'd on other grounds sub nom Taylor v. Barkes*, 135 S. Ct. 2042 (2015). "[U]nder *Iqbal*, the level of intent necessary to establish supervisory liability will vary with the underlying constitutional tort alleged." Id. at 319. Therefore to show denial of medical care, Plaintiff must

set forth facts alleging Defendant Hughes himself was deliberately indifferent to Plaintiff's medical needs. *Barkes*, 766 F.3d at 319.

As with Dr. Pomerantz, Plaintiff has not shown that Defendant Hughes was deliberately indifferent to any medical need of Plaintiff. Although there does seem to have been some "run around" regarding the proper channels for requesting a new mattress, Plaintiff's complaint indicates Defendant Hughes ultimately rejected his request after consulting with Dr. Pomerantz. (Docket Entry 1 at 6). Having been informed by a medical professional that there was no medical necessity for a new mattress, Defendant Hughes cannot have been deliberately indifferent for not providing one to Plaintiff. "Correctional defendant-administrators who are not themselves physicians cannot 'be considered deliberately indifferent simply because they failed to respond directly to the medical complaints of a prisoner who was already being treated by the prison doctor.'" *Davis v. Norwood*, 2015 WL 3875785 at *3 (3d Cir. June 24, 2015) (quoting *Durmer v. O'Carroll*, 991 F.2d 64, 69 (3d Cir. 1993)). Furthermore, "[i]f the non-medical prison official has no actual knowledge that prison doctors are mistreating a prisoner, he or she 'will not be chargeable with the Eighth Amendment scienter requirement of deliberate indifference.'" *Ibid*. (quoting *Spruill*

*v. Gillis*, 372 F.3d 218, 236 (3d Cir. 2004)). This claim must be dismissed.

To the extent Plaintiff attempts to raise a due process allegation against Defendant Hughes for his handling of Plaintiff's grievance, there is once again an insufficient basis of liability. *See Glenn v. DelBalso*, 599 F. App'x 457, 459 (3d Cir. 2015); *Rode v. Dellarciprete*, 845 F.2d 1195, 1207-08 (3d Cir. 1988); *Stringer v. Bureau of Prisons, Federal Agency*, 145 F. App'x 751, 753 (3d Cir. 2005) (alleged failure to process or respond to inmate's grievances did not violate his rights to due process and is not actionable); *Hoover v. Watson*, 886 F. Supp. 410, 418 (D. Del.) *aff'd*, 74 F.3d 1226 (3d Cir. 1995) (holding that if a state elects to provide a grievance mechanism, violations of its procedures do not give rise to a § 1983 claim).

In this case, however, because it is possible that Plaintiff may be able to supplement his denial of medical adequate care claim with facts sufficient to overcome the deficiencies noted herein, this dismissal will be without prejudice. Plaintiff may attempt to amend his claims against Defendant Hughes as to that claim.[2] *See Grayson v. Mayview State*

---

[2] Plaintiff should note that when an amended complaint is filed, the original complaint no longer performs any function in the case and cannot be utilized to cure defects in the amended complaint, unless the relevant portion is specifically incorporated in the

12

*Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002). Plaintiff's motion to amend his complaint must be pled within thirty (30) days of the entry of this Opinion and Order, and his motion must attach a copy of his proposed Amended Complaint curing these deficiencies.

### III. CONCLUSION

For the reasons stated above, Plaintiff's complaint is dismissed for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). An appropriate order follows.

 July 9, 2015                                                 s/ Jerome B. Simandle
Date                                                         JEROME B. SIMANDLE
                                                             Chief U.S. District Judge

---

new complaint. 6 Wright, Miller & Kane, *Federal Practice and Procedure* 1476 (2d ed. 1990) (footnotes omitted).  An amended complaint may adopt some or all of the allegations in the original complaint, but the identification of the particular allegations to be adopted must be clear and explicit.  *Id.*  To avoid confusion, the safer course is to file an amended complaint that is complete in itself.  *Id.*  Plaintiff is further advised that he may not re-plead claims that have been dismissed with prejudice.